IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERTO ROJAS, JR.
**Individually and as parent and Next of Friend of**
ROBERTO LUIS ROJAS,

    Plaintiff,

v.                                                     No. CV 10–0108 JB/GBW

LAS CRUCES PUBLIC SCHOOLS No. 2;
MR. STAN ROUNDS, SUPERINTENDENT OF THE
LAS CRUCES PUBLIC SCHOOLS;
DR. BONNIE VOTAN, PRESIDENT, LAS CRUCES
PUBLIC SCHOOL BOARD MEMBER;
DR. CONNIE PHILLIPS, VICE-PRESIDENT, LAS CRUCES
PUBLIC SCHOOL BOARD MEMBER;
MR. CHUCK DAVIS, SECRETARY, LAS CRUCES
PUBLIC SCHOOL BOARD MEMBER;
MR. LEONEL F. BRISENO, MEMBER, LAS CRUCES
PUBLIC SCHOOL BOARD MEMBER;
MR. GENE GANT, MEMBER, LAS CRUCES
PUBLIC SCHOOL BOARD MEMBER;
MS. KAREN WARREN;
MR. TOM WARREN,

    Defendants.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on the assignment of this case to Magistrate Judge Gregory Wormuth for a review of the case under 28 U.S.C. § 1915(a) and (e). *See* Doc. 4. Pro se Plaintiff Roberto Rojas, Jr. seeks the Court's order authorizing him to proceed with this litigation

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

without the prepayment of costs or fees.  *See* Doc. 3, filed February 8, 2010.  A party applying to proceed IFP must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Upon receipt of a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, the Court must "review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).  Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief."  § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312.

A review of Rojas' financial affidavit shows that he claims an income of $674 from social security and expenses for the necessities of rent and utilities of $577/month.  I conclude that Rojas has established that he cannot pay filing fees and still provide himself with the necessities of life.

I turn, therefore, to a review of Rojas' Complaint.  In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted.  In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Iqbal*, 129 S. Ct. at 1949.  The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the

elements of the cause of action . . . ." These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557/. In *Ashcroft v. Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

Rojas' Complaint states that it is "brought on behalf of a special education student to recover under the INDIVIDUALS WITH DISABILITIES EDUCATION IMPROVEMENT ACT OF 2004 [hereinafter called IDEA], PUBLIC LAW 108-446, 118 STAT. 2647, 20 U.S.C. § 1400 et seq. and FAMILY EDUCATION AND PRIVACY RIGHTS ACT [hereinafter called FEPRA]." Complaint at 2, ¶ 4. The Complaint states that the actual "Plaintiff is an adult with a disability who resides in Las Cruces, New Mexico. He sues here by and through his next friend and father, Roberto Rojas, Jr." *Id.* at 4, ¶ 10. Count I alleges that Defendants Karen and Tom Warren, who were employed by the Las Cruces Public Schools, violated Roberto Luis Rojas' right to privacy when he was a special education student by posting "information about students and staff from a confidential special education database to '*an unsecured web site*'" without prior notice and without his authorization. *Id.* at 7-8, ¶¶ 26-29 (italics in original). Count II alleges that this same conduct deprived Roberto Luis Rojas of his rights under the Rehabilitation Act. *See id.* at 9, ¶¶ 39-41. Count III alleges that this same conduct deprived Roberto Luis Rojas of his rights under the Americans with Disabilities Act. *See id.* at 9-10, ¶¶ 42-43. Count IV requests "exemplary damages" for the same conduct. *See*

*id.* at 10, ¶¶ 44-45.  Counts V-VIII allege state-law claims for negligence, "intentional outrageous conduct," and "wanton disregard of Plaintiff's rights and feelings," based on the same conduct.  *See id.* at 10-12, ¶¶ 46-59.  And Count IX seeks to hold the Las Cruces Public Schools and its superintendent liable for the Warrens' conduct under the doctrine of *respondeat superior.  See id.* at 12-13, ¶¶ 60-62.  None of the allegations in the Complaint set forth facts showing that any of Roberto Rojas, Jr.'s rights have been violated, and it is clear that Roberto Rojas, Jr. is solely attempting to bring his disabled son's claims on his son's behalf.

Roberto Rojas, Jr. is not the real party in interest on these claims.  *See* Fed. R. Civ. P. 17. "[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit."  *FDIC v. Geldermann, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992) (internal quotation marks omitted); *see L.R. Prop. Mgmt., Inc. v. Grebe*, 96 N.M. 22, 23, 627 P.2d 864, 865 (1981) ("A real party in interest is . . . one [who] is the owner of the right being enforced and is in a position to discharge the defendant from the liability being asserted in the suit.") (internal quotation marks omitted).  He therefore has no standing to bring his son's claims.

> [t]here are three elements to Article III standing: 1) injury-in-fact; 2) causation; and 3) redressability.  An injury-in-fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical.  Causation is found upon a showing that the injury is fairly traceable to the challenged action of the defendant, rather than some third party not before the court.  Redressability requires the plaintiff to show that it is likely that a favorable court decision will redress the injury to the plaintiff.

*Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004). (quotation marks, bracket, and citations omitted).  A person who is not a real party in interest has no standing to bring suit on behalf of another individual because he cannot show an injury in fact of his own legally protected interest.  I recommend that the Court dismiss the Complaint because Rojas has no legally-protected interest in his son's claims and because he is not an attorney.  *See*

4

*Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). Because Plaintiff Roberto Rojas, Jr. has failed to state any claims for which he has standing against these Defendants and it would be futile to allow amendment of his Complaint, I recommend dismissal with prejudice.

**Recommended Disposition**

That the motion to proceed IFP be denied and that the Complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for lack of standing.

_____
Gregory B. Wormuth
United States Magistrate Judge